UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVIN MOOD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF ORANGE, ET AL.,<br><br>　　　　　　Defendants. | Case No. SACV 17-762-SVW (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff Ivin Mood ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983"). While not entirely clear, it appears Plaintiff is suing defendants County of Orange and Orange County Jail Deputy D. Lopes in his official capacity ("Defendants") for violations of Section 1983 as well as state law claims[1] arising out of an incident on April 30, 2016 at Santa Ana Central Jail. As discussed below, the Court dismisses the Complaint with leave to amend.

---

[1] While the Court has the authority to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, it must first have original jurisdiction over related federal claims. As discussed below, Plaintiff has failed to state any federal law claims. Thus, the Court declines to address the remaining state law claims at this time.

## II.
## **ALLEGATIONS IN THE COMPLAINT**

On April 28, 2017, Plaintiff filed a Complaint pursuant to Section 1983. ECF Docket No. ("Dkt.") 1. According to the Complaint, Plaintiff alleges the Orange County Sheriffs have a "customary practice of unnecessary misuse of force carried out for thrills alone." Id. at 5. Plaintiff alleges, on April 30, 2016, after being falsely arrested and brought to Santa Ana Central Jail, two deputies, including D. Lopes, "abused" Plaintiff and then placed him in a cell. Id. Plaintiff alleges the abuse he suffered was the same as the abuse described in a Los Angeles Times article whereby inmates are lifted by both arms, slammed "face first into a wall, they then bend the arm behind the persons back, and then they place the inmate in a separate cell." Id. A few minutes later, the deputies "purposely" placed another inmate "who was acting wild from the drugs he was high on" in Plaintiff's cell "so that he would begin to fight with" Plaintiff, but Plaintiff "was able to ignore him." Id. Plaintiff alleges he "did absolutely nothing to cause these deputies to cause me bodily injury." Id.

In addition, Plaintiff alleges one of the deputies "was trying to cover for what he did" by asking Plaintiff what he was charged with, where the arrest occurred, and whether Plaintiff was drunk. Id. Plaintiff also alleges he asked to speak to a civil rights representative because he felt he was falsely arrested and the jail clerks were not permitted to accept civil rights complaints at the booking window. Id. Finally, Plaintiff alleges his "constitutional injury" was the result of the "unlawful pattern or practice and falsified reports of alleged resisting arrest claims." Id. at 6.

As a result of these claims, Plaintiff seeks $100,000 in compensatory and punitive damages as well as an injunction "warning the defendants that repeated actions of this kind will cause an additional claim for Constitutional claims award relating to contempt and conspiracy to cause intentional infliction of emotional distress." Id.

## III.
## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.
## DISCUSSION

**A. THE COMPLAINT DOES NOT UNAMBIGUOUSLY IDENTIFY DEFENDANTS**

**(1) APPLICABLE LAW**

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

///

4

**(2) ANALYSIS**

Here, Plaintiff lists a single defendant, County of Orange, in the caption of the Complaint. See Compl. at 1. However, in the body of the Complaint, Plaintiff appears to name an additional defendant, Orange County Jail Deputy Sheriff, D. Lopes. Id. at 3. If Plaintiff wishes to include defendants other than County of Orange, he must clarify exactly who the defendants are – at a minimum, the caption and body of the complaint must agree.

**B. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT COUNTY OF ORANGE OR AN OFFICIAL CAPACITY CLAIM AGAINST DEFENDANT LOPES**

**(1) APPLICABLE LAW**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no respondeat superior liability exists under Section 1983, a state actor is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A plaintiff must allege facts to establish "that a [government] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th

Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must allege the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

Factual allegations sufficient to put a defendant on adequate notice of a Monell claim "could include, but are not limited to, past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy." Guevara v. Cty. of Los Angeles, No. CV 14-08120-DDP, 2015 WL 224727, at *4 (C.D. Cal. Jan. 15, 2015) (quoting Thomas v. City of Galveston, Texas, 800 F. Supp. 2d 826, 844 (S.D. Tex. 2011). These details are necessary, even at the pleading stage, to "help to satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests," id., and to "permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679.

**(2) ANALYSIS**

Assuming Plaintiff has adequately alleged a constitutional violation when deputies used allegedly excessive force against him on April 30, 2016, he has failed to state a claim against defendant County of Orange or against defendant Lopes in his official capacity, because Plaintiff does not adequately allege Defendants were acting pursuant to any policy, practice, or custom of the County of Orange. Plaintiff alleges the Orange County Sheriffs have a "customary practice of unnecessary misuse of force carried out for thrills alone." Compl. at 5. Plaintiff alleges that "according to the Article in the Los Angeles Times, the deputies operate the same way each time, lifting inmates by both arms. Slamming them face

first into a wall, they then bend the arm behind the persons back, and then they place the inmate in a separate cell." Id. Plaintiff's conclusory reference to a newspaper article on an unknown topic written on an unknown date is not sufficient to support his allegation of the existence of an unconstitutional policy. Cf. Guevara, 2015 WL 224727, at *4. Moreover, Plaintiff's single, isolated event on April 30, 2016 is insufficient to establish a custom or practice. Thompson, 885 F.2d at 1444. Hence, because the Complaint contains insufficient facts that plausibly indicate a valid Monell claim, dismissal is appropriate. Young v. City of Visalia, 687 F. Supp. 2d 1141, 1150; see also Iqbal, 556 U.S. at 679.

Further, even if Plaintiff had alleged a policy, practice, or custom, he has failed to present any facts which show the policy, practice, or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino, 99 F.3d at 918. Accordingly, Plaintiff has failed to state a claim against defendant County of Orange or an official capacity claim against defendant Lopes. See Gillette, 979 F.2d at 1346.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

7

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all her claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

  2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: May 18, 2017

_Kenly_

HONORABLE KENLY KIYA KATO
United States Magistrate Judge